IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| THE ESTATE OF ERNEST JONES,<br>by and through RICHARD BROWN,<br>Individually and as Personal Representative,<br>for the use and benefit of the Estate of<br>Ernest Jones, and for the use and benefit of the<br>Wrongful Death Beneficiaries of Ernest Jones | PLAINTIFFS |
| V. | CASE NO. 2:04CV320 |
| MARINER HEALTH CARE, INC. f/k/a<br>MARINER POST-ACUTE NETWORK, INC.;<br>MARINER HEALTH CARE MANAGEMENT<br>COMPANY f/k/a LC MANAGEMENT COMPANY;<br>MARINER HEALTH CENTRAL, INC.;<br>MHC HOLDING CO.; MHC MID AMERICA<br>HOLDING C.; NATIONAL HERITAGE REALTY, INC.;<br>BOYD P. GENTRY; WEST WESTBROOKE; UNIDENTIFIED<br>ENTITIES 1 THROUGH 10, JOHN DOES 1 THROUGH 10<br>(as to Bolivar Health & Rehabilitation Center) | DEFENDANTS |

## MEMORANDUM OPINION

This cause comes before the Court on the plaintiffs' motion for remand [12-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs include the representatives and estate of the late Ernest Jones ("the Estate"), a deceased Mississippi resident. The defendants include a number of individuals and corporate entities involved in the operation of nursing homes, specifically the one in which Jones was a resident at the time of his death. All of the defendants are from out-of-state except for West Westbrooke, who was the administrator of the nursing home in which Jones resided. On August 25, 2004, the Estate filed this action against the defendants in the Bolivar County Circuit Court alleging various claims arising from Jones' death.

The defendants timely removed, initially arguing two theories for removal: (1) that Westbrooke, as the agent of a disclosed principal, could not be held individually liable for breaching any duty to Jones, and (2) that Westbrooke was not given sixty days notice prior to the filing of the lawsuit pursuant to Miss. Code Ann. § 15-1-36(15). In light of the Fifth Circuit's holding in <u>Gray ex rel Rudd v. Beverly Enterprises-Mississippi</u>, 390 F.3d 400 (5th Cir. 2004), the defendants appear to have abandoned their first argument. Thus, the only legal issue remaining in the instant motion is the question of whether Westbrooke is a viable defendant despite the plaintiffs' failure to give him sixty days notice.

In order to prove fraudulent joinder, the defendants must either show that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981). In reviewing allegations of fraudulent joinder, the Court does not conduct an evidentiary hearing, but utilizes a summary judgment-like procedure. <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 179 (5th Cir. 2000). Under this procedure, the Court may pierce the pleadings to determine whether, under Mississippi law, the plaintiffs have a valid claim against the in-state defendants. <u>LeJeaune v. Shell Oil Co.</u>, 950 F.2d 267,271 (5th Cir. 1992). The removing party bears the burden of demonstrating fraudulent joinder, and all disputed questions of fact and ambiguities in controlling state law are resolved in favor of the non-removing party. <u>LeJeaune</u>, 950 F.2d at 271.

Miss. Code Ann § 15-1-36(15) states in relevant part:

(15) No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice

> is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15).

The defendants concede that § 15-1-36 does not identify what entities or persons are "health care providers" who fall within the ambit of the statute's notice requirements. The defendants also concede that the Mississippi Supreme Court has thus far not addressed the question of whether a nursing home administrator is a health care provider. Instead, the defendants place the weight of their lack-of-notice argument on comparable statutes as interpreted by courts in other states.

The Court agrees that the cases from other jurisdictions is certainly persuasive, and the Court is inclined to believe that the Mississippi Supreme Court, if it were to address this issue, would most likely conclude that nursing home administrators are "health care providers" who are entitled to notice prior to suit. Unfortunately for the defendants, such a likelihood is irrelevant given the standard this Court must apply to fraudulent joinder claims. Rather, the Court is obligated to resolve all ambiguities in the law in favor of the non-moving party, and there is at the very least a reasonable possibility that Mississippi courts might conclude that nursing home administrators are not health care providers who are entitled to notice. As such, the Court concludes that Westbrooke was not fraudulently joined and that remand is proper. A separate order to that effect shall issue this day.

This is the 7th day of June, 2005.

                                          **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**